UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-25154-CIV-KING

ALLAN H. APPLESTEIN, an individual, and
DIATOMITE CORPORATION OF AMERICA, a
Maryland corporation,

    Plaintiffs,

v.

HOWARD KLEINHENDLER, an individual,
WACHTEL MISSRY LLP, a limited liability
partnership, and DOES 1 through 5,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO EASTERN DISTRICT OF NEW YORK

THIS MATTER is before the Court on Defendants' Motion to Transfer to the Eastern District of New York (DE 17), filed January 24, 2020. The Court has also considered Plaintiff's Response (DE 18), Defendants' Reply (DE 22), and is otherwise fully advised.

### I. BACKGROUND

On December 13, 2019, Plaintiffs Allan Applestein and Diatomite Corporation (collectively "Plaintiffs") filed this action against Defendants Howard Kleinhendler and Wachtel Missry LLP (collectively "Defendants"), alleging claims for legal malpractice, breach of fiduciary duty, elder abuse, fraud, unjust enrichment, and conversion. (*See* Compl., DE 1). In short, Plaintiffs allege that they retained Kleinhendler (and his law firm Wachtel Missry) to represent Plaintiffs in connection with the sale and development of a parcel of real property. (*See* Am. Compl ¶¶ 8–11, DE 23). Plaintiffs allege that Kleinhendler exploited Applestein's deteriorating mental and physical health by persuading Applestein to sell the property to

Kleinhendler rather than a third party as originally intended. (*Id.* ¶ 16). According to Plaintiffs, Kleinhendler did not advise Applestein of the inherent conflicts of interests of having Kleinhendler represent Applestein and simultaneously purchase the property from Applestein in the same transaction. (*Id.*). Plaintiffs further allege that Kleinhendler organized an entity called "Virginia True Corporation" to purchase the property for $12 million, "of which $5 million was paid at the closing and $7 million was financed through an unsecured promissory note from Virginia True Corporation to Diatomite Corporation." (*See* ¶ 27; Mot. Transfer at 7, DE 17).

Now, Defendants have moved to stay this action or, in the alternative, transfer this action to the Eastern District of New York, where Virginia True has filed a related bankruptcy action. (*See* Mot. Transfer). Defendants claim that Virginia True has identified Diatomite Corporation as its largest creditor in the bankruptcy action; specifically, Virginia True claims that Diatomite is the unsecured creditor of a promissory note in the amount of $7 million—the same $7 million Plaintiffs seek to collect here. (*Id.* at 4–5).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A transfer motion under § 1404(a) requires a two-step analysis: (1) whether the case "might have been brought" in the transferee forum; and (2) whether such a transfer supports "the convenience of parties and witnesses" and "the interests of justice." *Id.*; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Under the second step, courts have discretion to evaluate the pertinent factors, which include: "(1) the convenience of the witnesses; (2) the location of relevant

2

documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### III. DISCUSSION

Here, the parties agree that the Eastern District of New York is a proper forum where this case "might have been brought." (*See* Pls.' Resp. at 10, DE 18). Thus, the only inquiry is whether the "interests of justice" weigh in favor of transfer. After careful consideration, the Court finds that this case is interrelated with litigation currently pending before the Eastern District of New York. Therefore, it should be transferred "to avoid duplicative litigation, inconvenience, and unnecessary expenses." *Meterlogic, Inc. v. Copier Sols. Inc.*, 185 F. Supp. 2d 1292, 1303 (S.D. Fla. 2002).

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1. Defendants' Motion to Transfer **(DE 17)** be, and the same hereby is, **GRANTED**;
2. The above-styled action is hereby **TRANSFERRED** to the United States District Court for the Eastern District of New York;
3. The Clerk of Court for the Southern District of Florida is hereby **DIRECTED** to **TRANSFER** the docket and record of the above-styled action to the Clerk of Court for the United States District Court for the Eastern District of New York;
4. All pending motions are **DENIED AS MOOT**; and

5. The Clerk of Court for the Southern District of Florida shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 3rd day of March, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record